Jennifer P. Suberlak CA Bar No. 292697
jennifer.suberlak@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys For Plaintiff, BREATHE EASY INSURANCE SOLUTIONS, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BREATHE EASY INSURANCE SOLUTIONS, LLC, a California Limited Liability Company,

Plaintiff,

v.

LORETTA BEEUWSAERT, an individual; UNITY INSURANCE SOLUTIONS, CORPORATION dba GRATIFY, a California corporation; and DOES 1-10,

Defendants.

Case No. CaseNumber

**COMPLAINT**

Action Filed: July 29, 2025
Trial Date:

Plaintiff BREATHE EASY INSURANCE SOLUTIONS, LLC (hereinafter referred to as "BREATHE EASY"), hereby submits this Complaint against Defendants LORETTA BEEUWSAERT ("BEEUWSAERT"), UNITY INSURANCE SOLUTIONS, CORPORATION dba GRATIFY ("GRATIFY"), and DOES 1-10 (collectively, "DEFENDANTS") and alleges as follows:

## NATURE OF THE CASE

1. This case involves unlawful access to computer systems, breach of contract, a trade secret misappropriation, interference with economic advantage, and unfair business practices. BEEUWSAERT gained unauthorized access to BREATHE EASY's nationwide database of contacts in partner referral network and exported approximately 2,900 records in an effort to use such information to unfairly increase the business of her current employer, GRATIFY. BREATHE EASY seeks to enjoin DEFENDANTS' improper access to, and use and disclosure of this highly proprietary, highly valuable, and highly confidential business information.

## THE PARTIES

2. BREATHE EASY is a California limited liability company with its principal place of business in Newport Beach, California. BREATHE EASY offers affordable and comprehensive non-standard insurance coverage to drivers across the country, including SR-22 insurance. BREATHE EASY's parent company is CST Buyer Co.

3. Based on information and belief, BEEUWSAERT is a resident of San Marcos, California. BEEUWSAERT is a former employee of BREATHE EASY. BREATHE EASY is informed and believes that BEEUWSAERT is employed by GRATIFY in this District.

4. GRATIFY is a California corporation with its principal place of business in Irvine, California. GRATIFY has an active license with the California Department of Insurance to sell property and casualty insurance in California, which allows an insurance broker to sell non-standard auto insurance. According to its website,

GRATIFY sells "Affordable coverage for drivers with a history of accidents, violations, or other risks."

5. The true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to BREATHE EASY, which therefore sues these defendants by such fictitious names. BREATHE EASY will amend this Complaint to allege the true names and capacities of DOES 1 through 10, inclusive, when ascertained. BREATHE EASY is informed and believes, and on that basis alleges, that at all times mentioned herein, each defendant designated herein as a DOE defendant is or was in some manner or degree responsible for the injuries suffered by BREATHE EASY as alleged in this Complaint.

6. BREATHE EASY alleges on information and belief that each of the specifically named defendants, and DOES 1 through 10, was the agent, partner or employee of every other defendant and, in doing the things alleged in this Complaint, acted within the course and scope of such agency, partnership and/or employment relationship.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the claims asserted herein arise from a federal question under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.

8. This Court has personal jurisdiction over BEEUWSAERT because, as BREATHE EASY is informed and believes, BEEUWSAERT is employed by GRATIFY in this District and therefore conducts substantial and regular business in this District.

9. This Court has personal jurisdiction over GRATIFY because its principal place of business is located in this District and therefore GRATIFY conducts substantial and regular business in this District.

///

///

10. The Central District of California is a proper venue for this matter pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims set forth herein occurred in this District.

## FACTUAL ALLEGATIONS

11. BREATHE EASY is an insurance provider that writes insurance policies for drivers requiring a certificate known as an "SR-22" certificate in order to obtain car insurance. An SR-22 is a certificate proves a driver has the minimum required auto insurance coverage mandated by the state.

12. BREATHE EASY has spent significant money, time and effort developing certain highly proprietary and confidential information, including: (1) names, contact details, and business needs of referral sources, referral contacts and relationships, and other business associates; (2) service delivery guidelines; (3) cost rates, methods, and formulas; and (4) other proprietary and/or confidential development, technical, marketing, and sales information (hereinafter "TRADE SECRETS").

13. The TRADE SECRETS confer market share upon BREATHE EASY and derive independent economic value by virtue of the TRADE SECRETS not being generally known to the public. Indeed, the TRADE SECRETS, including referral source lists, are the very information that BREATHE EASY uses when it competes in the marketplace for services and obtain business from customers who may not wish to broadcast their need for specialized insurance. Knowledge of these TRADE SECRETS would allow competitors in the market to unfairly exercise market advantage over BREATHE EASY in the process of obtaining these under-the-radar customers.

14. BREATHE EASY has taken significant steps to ensure the confidentiality of its TRADE SECRETS. BREATHE EASY's business is conducted in secure buildings, with entrance and egress monitored by a security badge system. BREATHE EASY utilizes an online customer relationship management ("CRM")

platform known as “Nutshell” to store information about the names, contact information, and needs of referral sources. BREATHE EASY limits access to the Nutshell system to employees with a need to know, and users must have credentials to access the Nutshell system. Typically, employees with a need to know are provided credentials upon hire or promotion into a position with need-to-know access. BREATHE EASY undertook these measures to ensure that the TRADE SECRETS did not inadvertently fall into the hands of competitors not acquired, distributed or used by improper means.

15. BREATHE EASY employed BEEUWSAERT beginning on approximately January 31, 2019.

16. On or about January 31, 2019, BEEUWSAERT executed a Confidentiality, Trade Secrets and Intellectual property Agreement with BREATHE EASY, a true and correct copy of which is attached hereto as Exhibit 1.

17. During her employment with BREATHE EASY, BEEUWSAERT was granted access and credentials to the Nutshell CRM system. She therefore had access to the TRADE SECRETS and other confidential information relating to BREATHE EASY’s relationships with referral partners.

18. Throughout her employment with BREATHE EASY, BEEUWSAERT accessed and used BREATHE EASY’s TRADE SECRETS for legitimate business purposes. BREATHE EASY is informed and believes and thereon alleges that BEEUWSAERT further accessed and used BREATHE EASY’s TRADE SECRETS without BREATHE EASY’s knowledge for her own private purposes.

19. On or about May 15, 2024, BEEUWSAERT’s employment with BREATHE EASY terminated.

20. On or about May 5, 2025, BREATHE EASY discovered that, on at least two occasions after the termination of her employment, BEEUWSAERT had, without authorization or approval, accessed Nutshell executed a full export of its contents

(consisting of approximately 2,900 records), including BREATHE EASY's entire nation-wide partner referral network.

21. BREATHE EASY immediately ensured BEEUWSAERT could not continue to access its TRADE SECRETS and demanded she cease and desist any efforts to obtain or utilize its TRADE SECRETS.

22. BREATHE EASY is informed and believes and thereon alleges that, following the termination of her employment, BEEUWSAERT planned, conspired, and took BREATHE EASY's TRADE SECRETS to engage in improper and unfair acts to compete with BREATHE EASY at GRATIFY. BREATHE EASY is informed and believes and thereon alleges that GRATIFY has received BREATHE EASY's TRADE SECRETS and is using them to unfairly compete with BREATHE EASY. These improper acts include and are not limited to DEFENDANTS' solicitation of BREATHE EASY referral partners. Such belief is based, in part, upon the fact that GRATIFY's profile with the California Department of Insurance shows it was appointed by one of BREATHE EASY's primary carrier relationships.

23. BREATHE EASY is informed and believes and thereon alleges that, as a direct result of BEEUWSAERT's unauthorized access to Nutshell, exporting of CRM data, breach of confidentiality agreement, and misappropriation of BREATHE EASY's TRADE SECRETS, DEFENDANTS secured or are attempting to use BREATHE EASY's referral sources to obtain lucrative business with BREATHE EASY's customers and potential customers, which would disrupt BREATHE EASY's business relationship with its customers and result in a loss of business to BREATHE EASY.

24. BREATHE EASY is informed and believes and thereon alleges that DEFENDANTS are engaged in other, as-yet-unknown acts of misappropriation, unfair competition, and other tortious conduct with respect to BREATHE EASY's TRADE SECRETS.

///

25. BREATHE EASY now seeks to enjoin DEFENDANTS' further misappropriation, possession, use, or disclosure of BREATHE EASY's TRADE SECRETS.

**FIRST CAUSE OF ACTION**

**Computer Trespass, 18 U.S.C. § 1030, et seq.**

**(By Plaintiff against Defendant Loretta Beeuwsaert and Does 1-10)**

26. BREATHE EASY incorporates by reference paragraphs 1 through 25 of this Complaint.

27. BEEUWSAERT intentionally accessed BREATHE EASY's protected computer(s) without authorization, and/or in excess of authorization, and thereby obtained information from this protected computer in violation of 18 U.S.C. § 1030(a)(2)(C).

28. BREATHE EASY's protected computer was used in interstate commerce and/or communication.

29. As a direct and proximate result of BEEUWSAERT's violation of 18 U.S.C. § 1030(a)(2)(C), BREATHE EASY has suffered damage in the form of impairment to the integrity and availability of data and information on its protected computer system.

30. As a direct and proximate result of BEEUWSAERT's violation of 18 U.S.C. § 1030(a)(2)(C), BREATHE EASY has suffered and will continue to suffer financial losses in excess of $5,000, including expenditures that have been necessary to investigate, assess and remedy BEEUWSAERT's violation of this statute.

31. As a direct and proximate result of BEEUWSAERT's violation of 18 U.S.C. § 1030(a)(2)(C), BREATHE EASY has suffered damages and losses and is entitled to compensatory damages, injunctive relief, and other equitable relief allowable under 18 U.S.C. § 1030(g) in an amount to be determined according to proof at trial.

///

## SECOND CAUSE OF ACTION

**Violation of Comprehensive Computer Data Access and Fraud Act, California Penal Code § 502**

**(By Plaintiff against Defendant Loretta Beeuwsaert and Does 1-10)**

32. BREATHE EASY incorporates by reference paragraphs 1 through 31 of this Complaint.

33. BREATHE EASY maintains and owns a computer network, computer program, and/or software and a computer system as those terms are defined in California Penal Code section 502. Through BREATHE EASY's Nutshell CRM system, BREATHE EASY maintains protected confidential information, documents, and communications on a computer network, computer programs and software, and/or on a computer system and database.

34. By virtue of California Penal Code section 502, BEEUWSAERT had a duty, among other things, to refrain from knowingly accessing and without permission altering, damaging, deleting, destroying or otherwise using any data, computer, computer system, and/or computer network developed, owned, and/or leased by BREATHE EASY in order to wrongfully control or obtain data.

35. BREATHE EASY is informed and believes and on that basis alleges that BEEUWSAERT breached this duty by knowingly and without permission accessing, or causing to be accessed, a computer, computer system, and/or computer network of BREATHE EASY for the purpose of taking, copying, and/or making use of data or supporting documentation therefrom.

36. As a direct and proximate result of each of BEEUWSAERT's acts alleged herein, BREATHE EASY has suffered damages in an amount according to proof at trial. The damages BREATHE EASY has suffered include, but are not limited to, expenditures reasonably and necessarily incurred by BREATHE EASY to verify whether its computer system, computer network, program, or data was or was not altered, damaged, or deleted by the unauthorized access.

37. The willful actions of BEEUWSAERT in accessing and using without permission data and other information from BREATHE EASY's computers, computer systems, computer network, and computer programs and software were fraudulent, malicious and oppressive. Accordingly, an award of exemplary/punitive damages in an amount commensurate with BEEUWSAERT's conduct and appropriate to punish her, and to make an example of her to the community in order to deter others from engaging in similar misconduct, is warranted pursuant to California Penal Code section 502(e)(4).

**THIRD CAUSE OF ACTION**

**Breach of Contract**

**(By Plaintiff against Defendant Loretta Beeuwsaert and Does 1-10)**

37. BREATHE EASY incorporates by reference paragraphs 1 through 36 of this Complaint.

38. BREATHE EASY and BEEUWSAERT entered into a valid contract relating to BREATHE EASY's Confidential Information, Trade Secrets, and Intellectual Property, a true and correct copy of which is attached hereto as Exhibit 1

39. BREATHE EASY is a successor in interest, express third party beneficiary, and/or otherwise has standing to enforce the contract attached hereto as Exhibit 1, and Exhibit 1 remains enforceable by BREATHE EASY.

40. BREATHE EASY performed all of its obligations under the contracts or was otherwise excused from performance.

41. BEEUWSAERT breached the terms of the contracts by accessing BREATHE EASY's computer systems without authorization, exporting copies of data from BREATHE EASY's computer systems without authorization, and accessing, using, and disclosing BREATHE EASY's confidential and proprietary information, including the TRADE SECRETS, outside of her capacity as BREATHE EASY's employee.

///

42. On information and belief, BEEUWSAERT breached her agreement to immediately deliver to BREATHE EASY all documents and data relating to BREATHE EASY's confidential and proprietary information, including the TRADE secrets, upon BEEUWSAERT's separation of employment from BREATHE EASY.

43. As a proximate result of BEEUWSAERT's conduct, BREATHE EASY has been damaged in an amount to be proven at trial.

**FOURTH CAUSE OF ACTION**

**Misappropriation of Trade Secrets [California Civil Code Sections 3426 et seq.]**

**(By Plaintiff against All Defendants and Does 1-10)**

44. BREATHE EASY incorporates by reference paragraphs 1 through 43 of this Complaint.

45. BREATHE EASY has spent significant money, time and effort developing its TRADE SECRETS.

46. The TRADE SECRETS confer market share upon BREATHE EASY and derive independent economic value by virtue of the TRADE SECRETS not being generally known to the public. Indeed, the TRADE SECRETS are the very information that BREATHE EASY uses when it competes in the marketplace for business, and knowledge of these TRADE SECRETS would allow competitors in the market to unfairly exercise market advantage over BREATHE EASY.

47. BREATHE EASY has taken significant steps to ensure the confidentiality of its TRADE SECRETS. BREATHE EASY's business is conducted in secure buildings, with entrance and egress monitored by a security badge system. The TRADE SECRETS are maintained in a secure platform on BREATHE EASY's computer system, and only employees with a legitimate business reason have access to the TRADE SECRETS. BREATHE EASY undertook these measures to ensure that the TRADE SECRETS did not inadvertently fall into the hands of competitors by being acquired, disclosed, or used by improper means.

///

48. BREATHE EASY's TRADE SECRETS are trade secrets meriting legal protection from misappropriation.

49. DEFENDANTS knew or had reason to know the TRADE SECRETS disclosed to BEEUWSAERT during her employment were confidential and constituted trade secrets, that she disclosed and/or used this information in violation of her confidentiality obligations and without BREATHE EASY's express or implied consent.

50. Despite the measures BREATHE EASY took to ensure that BREATHE EASY's TRADE SECRETS did not inadvertently become public or fall into the hands of competitors, BEEUWSAERT, willfully misappropriated BREATHE EASY's confidential and proprietary TRADE SECRETS in order to injure BREATHE EASY and for the purpose of acquiring them, using and/or disclosing them to third parties and/or unjustly enriching themselves and/or unknown third parties. BEEUWSAERT subsequently disclosed BREATHE EASY's TRADE SECRETS to her new employer, GRATIFY, which used such TRADE SECRETS to unfairly solicit business from BREATHE EASY's referral partners and thereby unjustly enrich itself.

51. As a proximate result of DEFENDANTS' willful misappropriation, use and disclosure of BREATHE EASY's TRADE SECRETS, BREATHE EASY has been injured. The precise nature and amount of its damages is unknown to BREATHE EASY and cannot be ascertained at the present time, but BREATHE EASY is informed and believes and thereon alleges that its damages are substantial and will be established according to proof at trial.

52. BREATHE EASY is informed and believes and thereon alleges that as a proximate result of DEFENDANTS' misappropriation, DEFENDANTS and/or unknown third parties have been unjustly enriched in amounts not yet known to BREATHE EASY.

53. BREATHE EASY is informed and believes and thereon alleges that DEFENDANTS' acts were willful and malicious. DEFENDANTS executed their

course of conduct willfully with the deliberate intent to injure BREATHE EASY and unjustly enrich themselves and/or unknown third parties. BREATHE EASY is therefore entitled to punitive damages and reasonable attorneys' fees.

54. DEFENDANTS' wrongful conduct in misappropriating BREATHE EASY's TRADE SECRETS, unless and until enjoined and restrained by order of this Court, has and will cause great and irreparable injury to BREATHE EASY's business as BREATHE EASY faces the threat of losing substantial revenue, market share and economic advantage, and will continue to do so in the future if its valuable TRADE SECRETS are possessed, used and/or disclosed by DEFENDANTS or any third party.

55. DEFENDANTS' wrongful conduct of misappropriating BREATHE EASY's trade secrets, unless and until enjoined and restrained by order of this Court, has caused and will cause great and irreparable injury to BREATHE EASY. BREATHE EASY has already lost confidential business information that has taken years of effort and expense to compile, and has lost competitive advantage due to DEFENDANTS' use and disclosure. BREATHE EASY has no adequate remedy at law for such injuries in that, unless enjoined by this Court, DEFENDANTS will continue to misuse BREATHE EASY's trade secrets to BREATHE EASY's detriment.

56. BREATHE EASY also requests that the Court issue an order mandating that DEFENDANTS, and anyone else working in concert with them, disgorge and return to BREATHE EASY all property of BREATHE EASY; and disgorge and restore to BREATHE EASY any money or profits DEFENDANTS have generated as a result of their misappropriation and use of BREATHE EASY's TRADE SECRETS. Alternatively, BREATHE EASY is entitled to a reasonable royalty pursuant to California Civil Code section 3426.3(b).

///

///

///

**FIFTH CAUSE OF ACTION**

**Conversion**

**(By Plaintiff against all Defendants and Does 1-10)**

57. BREATHE EASY incorporates by reference paragraphs 1 through 56 of this Complaint.

58. DEFENDANTS did not have a right to possess BREATHE EASY's and proprietary information, documents, photographs, videos, and files, including, but not limited to, BREATHE EASY's Nutshell CRM system and referral partner data.

59. BREATHE EASY is informed and believes and thereon alleges that DEFENDANTS intentionally converted to their own use BREATHE EASY's confidential and proprietary information, including, but not limited to, the Nutshell CRM system and referral partner data, all of which were obtained by DEFENDANTS knowingly and without permission or authorization through BREATHE EASY's data, computer, computer system, and/or computer network.

60. In doing the acts described herein, BREATHE EASY is informed and believes and thereon alleges that DEFENDANTS intentionally diverted and converted the property of BREATHE EASY their own use. BREATHE EASY did not consent to the foregoing acts by DEFENDANTS.

61. On or about May 15, 2025, BREATHE EASY demanded from BEEUWSAERT the cessation of her access to any BREATHE EASY confidential information BEEUWSAERT obtained through her unauthorized access to BREATHE EASY's data, computer, computer system, and/or computer network.

62. The precise nature and value of BREATHE EASY's protected information, documents, and communications converted by DEFENDANTS to their own use is not known by BREATHE EASY and cannot be ascertained at present.

63. BREATHE EASY has expended financial resources in its attempts to ascertain the precise nature and value of BREATHE EASY's information and records that DEFENDANTS converted to their own use, in an amount to be proven at trial.

64. In connection with the conduct herein alleged, DEFENDANTS have been guilty of oppression, fraud and malice. BREATHE EASY is, therefore, entitled to exemplary/punitive damages in an amount appropriate to punish DEFENDANTS and to make an example of them to the community.

**SIXTH CAUSE OF ACTION**

**Unfair Business Practices**

**(By Plaintiff against all Defendants and Does 1-10)**

65. BREATHE EASY incorporates by reference paragraphs 1 through 64 of this Complaint.

66. California Business and Professions Code § 17200 et seq. ("UCL") prohibits, among other things, unlawful, fraudulent, deceptive, and unfair business practices.

67. By engaging in the conduct alleged in the preceding paragraphs of this Complaint, including conduct separate and apart from the breach of contract, unauthorized access to computer systems, and misappropriation of BREATHE EASY's trade secrets, and by using property belonging to her former employer to compete with her former employer in violation of the Labor Code, BEEUWSAERT has violated the UCL.

68. By engaging in the conduct alleged in the preceding paragraphs of this Complaint, including conduct separate and apart from the misappropriation of BREATHE EASY's trade secrets, GRATIFY has violated the UCL.

69. BREATHE EASY has suffered injury in fact and has lost money and property as a direct, proximate, and substantial cause and result of DEFENDANTS' violation of the UCL. Pursuant to §§ 17200 and 17203 of the UCL, BREATHE EASY seeks restitution of all money acquired by DEFENDANTS by means of violating the UCL, the amount of which is in excess of the jurisdictional limit of this Court and will be proven at trial.

///

70. BREATHE EASY also seeks a preliminary and permanent injunction against DEFENDANTS and all others acting by, through, or in concert with them, including DOES 1 through 10, requiring them to perform those acts identified in the Prayer for Relief below, and preventing them from performing those acts identified the Prayer for Relief below, and preventing them from continuing to violate the UCL.

**SEVENTH CAUSE OF ACTION**

**Intentional Inference with Prospective Economic Advantage**

**(Against all Defendants and Does 1-10)**

71. BREATHE EASY incorporates by reference paragraphs 1 through 70 of this Complaint.

72. BREATHE EASY has established long-term relationships with various referral partners that often result in repeat business, including, but not limited to, opportunities to offer SR-22 insurance to certain drivers in need of this specific type of coverage. DEFENDANT knew of BREATHE EASY's relationships with its referral partners. Upon information and belief, DEFENDANT accessed BREATHE EASY's confidential referral partner list and related data and has been using same to solicit such referral partners to refer business to her current employer, a direct competitor of BREATHE EASY.

73. Upon information and belief, it is hereby alleged that DEFENDANT wrongfully obtained BREATHE EASY's confidential information and intended to use the wrongfully obtained confidential information to interfere with BREATHE EASY's referral partner relationships in order to interfere with BREATHE EASY'S business and unjustly enrich herself.

74. Based on information and belief, DEFENDANTS have utilized referrals from BREATHE EASY's referral partners to offer and provide SR-22 insurance to customers to whom BREATHE EASY had provided SR-22 insurance to in the past and/or to whom such referral partners would have otherwise continued to refer to BREATHE EASY.

75. By engaging in the conduct identified herein, DEFENDANTS intended to disrupt and interfere with BREATHE EASY's relationships with its referral partners in order to unjustly enrich herself.

76. The conduct identified herein was independently wrongful, apart from the interference itself, including because it relied upon the violation of independent duties DEFENDANTS owed to BREATH EASY, including but not limited to those set forth above under the Business and Professions Code, the Civil Code and the Labor Code, and BEEUWSAERT's contract.

77. As a direct and proximate cause of the actions of DEFENDANTS, BREATHE EASY's relationships with certain referral partners were and continue to be disrupted and interfered with, thereby damaging BREATHE EASY.

78. In engaging in the wrongful conduct described herein, DEFENDANTS have acted and continues to act in a manner that is willful, wanton, despicable, intentional, malicious, oppressive, and fraudulent, thus entitling BREATHE EASY to punitive and exemplary damages against them in an amount sufficient to punish her for such conduct.

## **PRAYER FOR RELIEF**

Wherefore, BREATHE EASY prays for judgment as follows:

1. For preliminary and permanent orders enjoining DEFENDANTS from possessing, using or disclosing any of BREATHE EASY's TRADE SECRETS and/or any confidential or proprietary information;

2. For preliminary and permanent orders requiring DEFENDANTS to account for and return to BREATHE EASY any and all of BREATHE EASY's property, including its TRADE SECRETS and any confidential, and/or proprietary information belonging to BREATHE EASY;

3. For a preliminary order requiring the inspection of BEEUWSAERT's email, servers, hard drives, computer(s), mobile devises, PDAs, USB drives and other computer equipment, including any hosted equipment, including but not limited to the

computer used by BEEUWSAERT at GRATIFY, by a forensic expert to ensure that BREATHE EASY's TRADE SECRETS and confidential information and/or proprietary data do not exist on such devices.

4. For an award of compensatory, general and special damages in an amount according to proof;

5. For statutory damages;

6. For treble damages, restitution, disgorgement of profits, and a reasonable royalty where applicable;

7. For punitive damages where applicable in an amount against DEFENDANTS sufficient to punish and make an example of DEFENDANTS.

8. On the sixth cause of action, for restitution;

9. For reasonable attorneys' fees, where applicable;

10. For prejudgment and post-judgment interest;

11. For costs of suit incurred herein; and

12. For such other and further relief as the Court may deem proper.

**JURY DEMAND**

BREATHE EASY demands a trial by jury on all issues so triable as a matter of right.

DATED: July 29, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Jennifer P. Suberlak*
Jennifer P. Suberlak
Attorneys for Plaintiff, BREATHE EASY INSURANCE SOLUTIONS, LLC