UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-01662-JVS (JDEx) | Date | September 30, 2026 |
| Title | Breathe Easy Ins. Solutions, LLC v. Loretta Beeuswaert, et al. | | |

| | |
|---|---|
| Present: The Honorable | John D. Early, United States Magistrate Judge |

| | |
|---|---|
| Amber Rodriguez | n/a |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| n/a | n/a |

**Proceedings:** (In Chambers) Order Denying Stipulated Proposed Protective Order [Dkt. 26]

On September 30, 2026, the Parties submitted a Stipulation (Dkt. 26, Stipulation") and Proposed Protective Order (Dkt. 26-1, "Proposed Protective Order" or "PPO") governing the handling of certain designated materials during discovery in the action. The Proposed Protective Order suffers from several defects.

First, the Proposed Protective Order is not supported by a specific, factual showing of good cause; rather, the parties simply state in a conclusory fashion that discovery is "likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure . . . is necessary." PPO ¶ 1. A protective order generally requires a showing of good cause (see Fed. R. Civ. P. 26(c)), a showing particularly required to provide the relief that the parties seek here.

Second, the Proposed Protective Order sets forth procedures for presenting disputes regarding the designation of material as "confidential" that are inconsistent with the detailed procedures set forth in Local Rule 37 et seq. that govern the procedures for discovery-related motion practice. See PPO ¶¶ 6.2, et seq. Any future proposed protective order shall not seek to alter the procedures set forth in the Local Rules regarding discovery motion practice.

Third, the Proposed Protective Order purports to allow challenges to confidentiality designations "at any time." PPO ¶ 6.1. To the extent that any such challenge is subject to the District Judge's Scheduling Order, the Scheduling Order will control and no proposed protective order purporting to provide to the contrary will be approved.

Fourth, although the Proposed Protective Order generally recites that use of "Protected Material" at trial will be governed by a "separate agreement or order" (PPO ¶ 3), it thereafter purports to govern designation of protected material "in other pretrial or trial proceedings" (PPO

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-01662-JVS (JDEx) | Date | September 30, 2026 |
| Title | Breathe Easy Ins. Solutions, LLC v. Loretta Beeuswaert, et al. | | |

5.2(b)). No protective order will be approved that purports to control designation or use of material at trial or in any hearing before any court judicial officer.

Fifth, the parties are reminded that discovery-related matters are referred to the assigned Magistrate Judge (see Dkt. 6) and, in particular, "Protective Orders are considered by the Magistrate Judge assigned in the action (Dkt. 15, ¶ 3). Further, a word-processing copy of any proposed order should be delivered to the chambers email of the appropriate judge. See Local Civil Rule 5-4.4.2.

For the foregoing reasons, the Stipulation (Dkt. 26) is DENIED without prejudice to the parties submitting a new stipulation and proposed protective order consistent with the foregoing.

The parties are directed to the Procedures and Schedules page of the assigned Magistrate Judge for a copy of a model protective order, which the parties may, but are not required, to use as a model.

IT IS SO ORDERED.

Initials of Courtroom Deputy ARO